IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| JENNIFER WOMACK § | |
| § | |
| V. § | CIVIL ACTION NO. G-06-707 |
| § | |
| GALVESTON HOUSING § | |
| AUTHORITY, ET AL. § | |

### REPORT AND RECOMMENDATION

Plaintiff, Jennifer Womack, acting *pro se*, filed this suit on November 7, 2006, and was granted permission to Proceed In Forma Pauperis.

In her complaint, Womack claims, *inter alia*, that she was denied due process when she was wrongfully terminated by Defendant, Galveston Housing Authority (GHS), from the rental assistance program of the United States Department of Housing and Urban Development which provided rental assistance payments for her and her three children. Following the appearance of GHA, Womack sought the affirmative injunctive relief of reinstatement to the program. Having given careful consideration to Womack's numerous submissions and those of GHA, this Court issues this Report and Recommendation to the District Court.

Womack had been a recipient of rental assistance for more than ten years when she was terminated by GHA. Because Womack was a participant in the program, she had a protected property interest in continuing in the program as long as GHA lacked just cause to expel her; therefore, she was protected by the Due Process clause of the Fourteenth Amendment. Simmons v. Drew, 716 F.2d 1160, 1162 (7th Cir. 1983)

Due process requires notice and the opportunity to be heard. Termination from the rental assistance program without due process is actionable and a federal court has the power to order reinstatement. See Chesir v. Housing Authority of the City of Milwaukee, 801 F.Supp. 244, 248 (E.D. Wis. 1992)   Under normal circumstances the Court would simply establish a Docket Control Order and allow the parties to develop their respective cases for trial. However, here, Womack is at risk of losing her housing which constitutes presumptive irreparable harm. Rogers v. Windmill Pointe Village Club Assn., Inc., 967 F.2d 525, 528 (11th Cir. 1992) (Subject to rebuttal, irreparable injury may be presumed from the fact of violations of fair housing statutes) Because of this potential loss of housing and the constitutional issue at stake, this Court **RECOMMENDS** that the District Court **ORDER** that the Galveston Housing Authority provide Womack with a prompt post-deprivation informal hearing before a fair and unbiased hearing examiner and that all further proceedings in this case be **STAYED** until the hearing examiner announces his decision.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **March 9, 2007**, to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this    1st    day of March, 2007.

_____
John R. Froeschner
United States Magistrate Judge