IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JENNIFER WOMACK | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-06-707 |
| | § | |
| GALVESTON HOUSING | § | |
| AUTHORITY, ET AL. | § | |

### REPORT AND RECOMMENDATION

On July 6, 2006, this Court concluded the Evidentiary Hearing on the Requests for Injunctive Relief of Plaintiff, Jennifer Womack. Having considered the evidence and arguments of the Parties, the Court now issues this Report and Recommendation to the District Court.

Womack, a single mother of three children, had been receiving rental assistance for over 10 years through a program of the United States Department of Housing and Urban Development (HUD) administered locally by the Defendant, Galveston Housing Authority (GHA). The program requires periodic re-certification. Womack was due for re-certification in the fall of 2006, however, she failed to attend two re-certification meetings with a GHA case worker and refused to disclose child support income as required by HUD. As a result, Womack was terminated from the program.

On November 7, 2006, Womack filed this civil complaint seeking, *inter alia*, an affirmative injunction ordering reinstatement to the rental assistance program during the pendency of her lawsuit. As a preliminary matter, the Court ordered GHA to afford Womack an Informal Hearing to address the propriety of her termination. On March 29, 2007, an outside Hearing Examiner determined that the termination was an appropriate action taken by GHA.

A preliminary injunction is justified only if a Plaintiff can initially establish that there is a substantial likelihood she will prevail on the merits. Commonwealth Life Ins. Co. v. Neal, 669 F.2d 300, 303 (5th Cir. 1982)   Womack has not done so. Womack complains that she was not allowed to present her financial information to the Hearing Examiner at the Hearing on March 29, 2007. However, under GHA procedures, an Informal Hearing is provided to determine whether the termination decision was proper, it is not a new re-certification meeting. In this case, the Hearing Examiner determined that Womack's lack of cooperation and failure to attend her re-certification meetings justified her termination. It is tragic that Womack and her children have lost their rental assistance and may lose their present home, but this Court cannot conclude, on this record, that the likelihood that Womack will prevail on the merits of her claims is substantial.

It is, therefore, the **RECOMMENDATION** of this Court that the Motions for Injunctive Relief (Instrument Nos. 26, 35, 41, 54, 55, 57 and 65) of Plaintiff, Jennifer Womack, be **DENIED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **July 25, 2007**, to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ___10th___ day of July, 2007.

_____
John R. Froeschner
United States Magistrate Judge