IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Jennifer Womack, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. G-06-707 |
| Galveston Housing Authority, *et al.*, | § | |
| | § | |
| Defendants | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This court has reviewed the Report and Recommendation of the United States Magistrate Judge signed on November 14, 2007. That Report recommends that this court dismiss the suit filed by the plaintiff, Jennifer Womack, due to her continued refusal to obey the court's orders and to meet the basic requirements of the Federal Rules of Civil Procedure. Womack has since filed several additional documents, which this court liberally construes as her objections to the Report and Recommendation.

This court has considered the objections and made a *de novo* determination of the Report and Recommendation. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989). Based on the *de novo* review, this court adopts the Magistrate Judge's Report and Recommendation. The record reveals that, as the Magistrate Judge found and concluded, Womack has repeatedly failed to comply with court orders to file necessary pleadings and to respond to discovery requests. Womack has done

so despite repeated opportunities for compliance and repeated warnings of the consequences of failing to do so. Womack has failed to comply with court orders that are neither burdensome nor onerous, but rather necessary to permit this case to proceed. By ignoring the court's orders, she has refused to prosecute this action. Her refusal to comply with the court's orders and her repeated filing of motions seeking relief that was previously and clearly denied violates Rule 11 of the Federal Rules of Civil Procedure (filing frivolous motions and pleadings), Rule 37 of the Federal Rules of Civil Procedure (refusing to obey discovery orders), and 28 U.S.C. § 1927 (unreasonably and vexatiously multiplying court proceedings).

The primary purpose of sanctions is to deter frivolous litigation and abusive tactics. *See Pavelic & Le Flore v. Marvel Entertainment Group,* 493 U.S. 120, 126 (1989). The sanction imposed must be the least severe sanction adequate to achieve the purpose of the rule under which it was imposed. *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996). This court finds and concludes that a lesser sanction than dismissal would neither obtain Womack's compliance with court orders and the Federal Rules nor deter future abusive litigation tactics. This court finds the Report and Recommendation should be, and the same is hereby, adopted as the court's Memorandum and Order.

Accordingly, it is ordered that the motion for sanctions (Docket Entry No. 102 and 103) be granted and this case is dismissed, with prejudice.

SIGNED on December 26, 2007, at Houston, Texas.

                                                Lee H. Rosenthal
                                   United States District Judge