IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JENNIFER WOMACK | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-06-707 |
| | § | |
| GALVESTON HOUSING | § | |
| AUTHORITY, ET AL. | § | |

**OPINION AND ORDER**

On January 28, 2008, the plaintiff, Jennifer Womack, filed an Application to Proceed In Forma Pauperis on appeal in an effort to seek review of the Final Judgment of this court dismissing her civil action as a sanction for her failure to comply with court orders to file necessary pleadings and to respond to discovery requests.  As an initial matter, the court notes that Womack's Notice of Appeal is untimely.  Final Judgment was entered on December 26, 2007.  Under Rule 4(a) of the Federal Rules of Appellate Procedure, Womack had 30 days, or until Friday, January 25, 2008, to file her Notice of Appeal.  In the absence of an extension of time, which Womack did not request, her filing of the Notice of Appeal on January 28, 2008 was too late.  The provisions of Rule 4(a) are mandatory and jurisdictional.  *Matter of Eichelbeger*, 943 F.2d 536, 540 (5th Cir. 1992).  Because Womack's Notice of Appeal was untimely, the United States Court of Appeals for the Fifth Circuit lacks jurisdiction to hear her intended appeal.  *Barber v. Security Benefit Life Ins. Co.*, 936 F.2d 210, 211 (5th Cir. 1991).

Even if Womack could show good cause or excusable neglect to merit an extension under Rule 4(a)(5), the court in the alternative denies her Application under Rule 24(a)(3)

of the Federal Rules of Appellate Procedure. Womack's complaint was dismissed as a sanction after her repeated failures to comply with court-imposed pleading and discovery obligations made a factual determination of the merits of her claims impossible. *Hashemi v. Campaigner Publications Inc.*, 572 F.Supp. 331, 334 (N.D. Ga. 1983) Womack's attempt to resurrect her neglected complaint is unpersuasive. *See Batson v. Neal Spelce Associates, Inc.*, 805 F.2d 546, 5509 (5th Cir. 1986) ("The time to comply with the district court's order was before rather than after the suit was dismissed."). For the reasons given by the Magistrate Judge in his Report and Recommendation and this court in its Order adopting that Report and Recommendation, which are incorporated by reference, *Baugh v. Taylor*, 117 F. 3d 197, 202 n.21 (5th Cir. 1997), this court certifies that Womack's Appeal would not be taken in good faith.

Womack's Application to Proceed In Forma Pauperis (Docket Entry No. 128) is denied. Womack's implicit request for appointment of appellate counsel, contained in her "Appeal Letter" (Docket Entry No. 125), is denied.

Insofar as Womack's "Appeal Letter" can be construed as a Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure, it is denied.

SIGNED on February 21, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

2